GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SONJA BELL | : | CIVIL ACTION NO. 3:11-cv-1816 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOWARD LEE SCHIFF, PC AND | : | |
| JEANINE DUMONT, ESQUIRE IN HER | : | |
| PERSONAL AND PROFESSIONAL | : | |
| CAPACITY, HEATH TIBERIO, | : | |
| ESQUIRE IN HIS PERSONAL AND | : | |
| PROFESSIONAL CAPACITY | : | |
| Defendants. | : | November 22, 2011 |

## COMPLAINT

### (Jury Trial Requested)

**I.    NATURE OF ACTION** .................................................................... **2**

**II.    JURISDICTION** ........................................................................... **3**

**III.    PARTIES** ................................................................................... **5**

    A.    PLAINTIFF ................................................................................ 5

    B.    DEFENDANTS ............................................................................ 5

**IV.    CLASS ALLEGATIONS** ............................................................ **6**

    A.    NUMEROSITY .............................................................................. 6

    B.    COMMON QUESTIONS OF LAW OR FACT ..................................... 7

    C.    CLAIMS OF THE REPRESENTATIVE PARTY IS TYPICAL OF THE CLAIMS OF THE CLASS .................................. 7

D. PLAINTIFF WILL FAIRLY AND ADEQUATELY PROTECT THE INTEREST OF THE CLASS ...................................7

V. CLASS WIDE ALLEGATIONS OF FALSE, MISLEADING, AND DECECPTIVE PRACTICES ............................................................................................................ 8

VI. NAMED PLAINTIFF ALLEGATIONS ................................................... 10

VII. CLAIMS ............................................................................................... 14

A. FIRST CLAIM – VIOLATIONS OF FDCPA ....................................................14

i. Count I – Violations of FDCPA – Defendant Tiberio ...........................14

ii. Count II – Violations of FDCPA – Defendant Dumont ........................17

iii. Count III – Violations of FDCPA – Defendant HLS ...........................17

B. SECOND CLAIM – VIOLATIONS OF CUTPA ..............................................18

i. Count II – Violations of CUTPA– Defendant Tiberio ..........................18

ii. Count II – Violations of CUTPA– Defendant Dumont .........................19

iii. Count III – Violations of CUTPA– Defendant HLS ...........................20

C. THIRD CLAIM CLAIM – CIVIL CONSPIRACY ...........................................20

D. FOURTH CLAIM – VICARIOUS LIABILITY .................................................21

i. Count I – Vicarious Liability .............................................................21

VIII. PRAYER FOR RELIEF ....................................................................... 22

## I. NATURE OF ACTION

1. Sonja Bell ("Plaintiff") ("Named Plaintiff"), brings a class action lawsuit on behalf of herself and other similarly situated consumers seeking judgment under the Connecticut Unfair Trade Practices Act ("CUTPA") and Fair Debt Collections Practices Act ("FDCPA") against Jeanine Dumont ("Dumont"), Heath Tiberio ("Tiberio") and Howard Lee Schiff, PC ("HLS") (collectively "Defendants"). The Plaintiffs allege that the Defendants acts as described, *infra*, violate CUTPA and the FDCPA.

GUEST & ASSOCIATES · ATTORNEYS AT LAW

151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO: 309938

2. The Defendants have a habit and practice of filing falsely certified pleadings, motions, and/or other papers with the court[1].

3. The Pleadings falsely state that the debtors or debtor's counsel were served by the Defendants on a date certain. The statement is false. The debtors or debtor's counsel were not served the Pleading on or before the date stated in the pleading.

4. These Pleadings include, but are not limited to, Motion for Default For Failure To Plead, Motion for Default for Failure To Appear, and/or Motion for Judgment.

5. The Defendants used those false Pleadings to gain unfair and unconscionable litigational advantage against consumers in the collection of debts, including, but not limited to severing Plaintiff's and other consumers right to adequate notice.

6. Without proper service, the Defendants' clients were not entitled to relief sought by the Pleadings.

7. The Plaintiff and other consumers have been injured by Defendants conduct and have sustained an ascertainable loss of money and/or property.

8. The Plaintiff seeks statutory, additional, compensatory, and punitive damages and such other relief as the Court shall determine under CGS §42-110g(b), 15 USC §1692k(a)(2)(A), 15 USC §1692k(a)(2)(B), 15 USC §1692k(d).

## II.    JURISDICTION

---

[1] Pleadings, motions, and other documents filed with the Court are hereinafter referred to as "Pleadings".

3

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

9.  Federal jurisdiction is premised upon the existence of a federal claim or controversy and is invoked under *15 U.S.C. § 1692k*, without regard to jurisdictional amount or diversity of citizenship.

10. Supplemental jurisdiction under *28 U.S.C. § 1367* for the pendent claims under Connecticut law are proper because all the claims have a common nucleus of operative facts as the claims all spurred from the Defendant's wrongful attempts in collecting the same alleged debt.

11. Plaintiff's Connecticut law claims are so related to the federal law claims raised in this complaint that they form part of the same case or controversy under Article III of the United States Constitution.

12. The issues raised by the state-law claims are no more novel or complex than the federal law claims, nor do they substantially predominate over the federal-law claims. The district court's exercise of supplemental jurisdiction would avoid unnecessary duplication and multiplicity of actions, and should be exercised in the interests of judicial economy, convenience and fairness.

13. Defendants received substantial compensation from the sale, use, maintenance, and/or enforcement of financial products and services in Connecticut and/or the collection of debts in Connecticut and by doing business that has had effects in Connecticut, and such acts of commission or omission inured to the detriment of the Plaintiff, thereby establishing contacts sufficient to subject it to personal jurisdiction in this Court and to justify the application of Connecticut law to all claims asserted herein, including if necessary by way of the Connecticut long-arm statutes, *Conn. Gen. Stat. § 33-929*.

4

14. Venue in this Court is proper under *28 U.S.C. § 1391*, because all defendants regularly conduct business in the District and all the events, occurrences, and property that are relevant to this case occurred or are located in this District.

### III.   PARTIES

A.  Plaintiff

15. Plaintiff is a natural person over the age of 18 who resides at 54 Main Street South Glastonbury, CT. Plaintiff is a consumer under the FDCPA and person under CUTPA.

B.  Defendants

16. The Defendant, HLS is a law firm registered as a Professional Corporation in the State of Connecticut with offices and a place of business located at 510 Tolland Street, East Hartford, CT 06108.  It maintains a Connecticut Juris Number (# 419040) in the state of Connecticut.

17. Upon information and belief, HLS is a law firm whose primary business is the collection of consumer debt;

18. At relevant all times, HLS employees acted within scope of their employment and under control of HLS.

19. HLS is vicariously liable for the acts of its employees.

20. The Defendant, Jeanine Dumont (Juris No. 303087) is an attorney employed by the Defendant HLS and maintains an address at 510 Tolland Street, East Hartford, CT 06108.

Guest & Associates · Attorneys at Law
151 New Park Avenue · Hartford, Connecticut 06106 · (860) 231-6250 · Fax (860) 231-6252 · Juris No. 309938

21. The Defendant, Heath Tiberio (Juris No. 426252) is an attorney employed by the Defendant HLS and maintains an address at 510 Tolland Street, East Hartford, CT 06108.

## IV.   CLASS ALLEGATIONS

### A.   Numerosity

22. Plaintiff recites paragraphs 1 – 22 as if fully restated herein.

23. Upon information and belief, the practice of filing false certified documents, seeking defaults and judgments based on or which have relied on falsely certified documents, and receiving executions based upon those judgments is a habit and pattern with HLS.

24. Plaintiff seeks to represent:

    a.   all consumers as defined under 15 USC §1692(a)(3) and who are persons as defined under CGS §42-110a;

    b.   who have been subject to legal action to collect a debt as defined by 15 USC §1692(a)(5) by Howard Lee Schiff, PC in the past 3 years;

    c.   who have been the victim of pleadings, which are false based on the fact that they have been filed despite the fact they had been not been mailed or served prior to or on date that the pleading certified that they had been mailed or served;

25. By Plaintiff's preliminary estimation, Defendants brought action against approximately 4,500 individuals within 3 years of the date of this action;

26. The class is so numerous that joinder of all members is impracticable.

Guest & Associates · Attorneys at Law
151 New Park Avenue · Hartford, Connecticut 06106 · (860) 231-6250 · Fax (860) 231-6252 · Juris No. 309938

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

B.  <u>Common Questions of Law or Fact</u>

27. Plaintiff recites paragraphs 1 – 28 as if fully restated herein.

28. Plaintiff alleges that Defendants as debt collectors violated the FDCPA and the CUTPA;

29. Plaintiff alleges that violations occurred based filing falsely certified Pleadings;

30. Plaintiff alleges that Plaintiff sustained an ascertainable loss of money and/or property and damages as it relates to Defendants' conduct;

31. These claims of law or fact are common to each of the potential Plaintiffs in the class;

C.  <u>Claims Of The Representative Party Is Typical Of The Claims Of The Class</u>

32. Plaintiff recites Paragraphs 1 – 30 as if fully restated herein.

33. Upon information and belief, the claims of the class representative are typical of the claims of other similarly situated consumers who were subject to the Defendants violations of the FDCPA and CUTPA;

D.  <u>Plaintiff Will Fairly And Adequately Protect The Interest Of The Class</u>

34. Plaintiff has located potential class counsel;

35. Plaintiff has an agreement with class counsel in which class counsel agrees to represent the class on contingency;

36. Plaintiff has agreed pay any legal costs or fees not covered by the contingency fee agreement;

37. Plaintiff is knowledgeable of the claim and can adequately articulate the violations alleged in the complaint;

38. Plaintiff has agreed to fairly and adequately represent the class;

39. Class counsel is experienced in defending against consumer collections;

40. Class counsel can adequately represent the interest of the Plaintiffs.


V.      CLASS WIDE ALLEGATIONS OF FALSE, MISLEADING, AND DECECPTIVE PRACTICES


41. Plaintiff recites Paragraph 1 – 39 as if fully recited herein;

42. Defendants filed filings that certify that the filing was "mailed postage paid" or was mailed on a date different than the date that the mailing was actually made or the postage actually paid;

43. Defendant Jeanine Dumont, as quoted *infra*, has admitted that it was the habit and pattern of HLS through its attorneys to certify that notice was given by mail postage paid to opposing parties on a day that it had not been mailed due to requirements of the postal regulations;

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

44. Upon information and belief, the postal regulations do not require that the Defendants' falsely allege that a filing was mailed on a date that it was not actually mailed to the consumer or the consumer's counsel;

45. Upon information and belief, the postal regulations do not require that the Defendants' falsely state that the filing was mailed postage paid on a date that it was not actually mailed postage paid to the consumer or the consumer's counsel;

46. Pursuant to CPB §17-20, Defendants were required to serve the Motion for Default for Failure To Appear when the motion for Default was filed as required under CPB §10-12.

47. Pursuant to CPB §17-31, the Clerk cannot act only act on a Motion for Default "after service upon each adverse party as provided by Sections 10-12 through 10-17 and with proof of service endorsed thereon".

48. Pursuant to CPB §17-32, the Clerk had the authority default a party only after 7 days had passed based upon a properly served Motion for Default.

49. Prior to 2010, CPB §17-32, the Clerk had authority to default a party only after a properly served Motion for Default had been filed;

50. Upon information and belief, at all times relevant to this action, the Clerk was only allowed to default a party based on a properly served Motion for Default;

51. Upon information and belief, the Defendants used the filing date to accelerate litigation, receive defaults and obtain judgments for their clients that they were not entitled under the rules of practice.

52. Defendants conduct constitutes false, misleading, unlawful, unfair, and/or deceptive representations, means, methods, and/or practices of debt collection within the meaning of the FDCPA (15 USC §1692e-, and f-).

53. Defendants conduct constitutes unfair or deceptive acts or practices in the conduct of debt collection as defined under CUTPA (CGS §42-110b).

## VI.   NAMED PLAINTIFF ALLEGATIONS

54. On 3/16/2010, Defendants sought to collect an alleged debt from the Plaintiff by writ, summons, and complaint (LVNV Funding, LLC v. Sonja R. Vaughan-Bell, Hartford Superior Court in the Judicial District of Hartford, Docket # HHD-CV-10-6009047-S);

55. Defendants alleged that Plaintiff owed for certain credit card charges. Without admitting to the Alleged Debt or if a debt still exists, the alleged debt was the subject of a transaction which is primarily for personal, family or household purposes;

56. The Alleged Debt is a debt as defined under 15 USC §1692a(5);

57. Plaintiff is a natural person obligated, or allegedly obligated, to pay the Alleged Debt and is therefore a "consumer" as defined pursuant to *15 U.S.C. §1692a(3)*;

58. **HLS** has been the firm of record in connection with the collection of thousands of debt collection lawsuits during the last 10 years;

Guest & Associates · Attorneys at Law
151 New Park Avenue · Hartford, Connecticut 06106 · (860) 231-6250 · Fax (860) 231-6252 · Juris No. 309938

59. **HLS** regularly, directly or indirectly, collect, or attempt to collect debts owed, due, or asserted to be owed to another;

60. At all times complained of herein, **HLS** was the firm of record for the Action;

61. **Tiberio** regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another;

62. **Dumont** regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another;

63. Defendants used instrumentalities of interstate commerce and/or the mails in its business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; Defendants HLS, Dumont, and Tiberio are each a "debt collector" as defined pursuant to *15 U.S.C. §1692a(6)*;

64. On 10/12/2010, the Defendants filed a Motion for Default for Failure To Appear;

65. On 10/13/2010, the Plaintiff appeared pro se in the action; Defendants motion was denied on 10/28/2010;

66. On 11/22/2010, the Defendant Tiberio filed a Motion for Default for Failure To Plead;

67. The Motion for Default for Failure To Plead alleged that "I hereby certify that a copy of the above was mailed postage prepaid on November 22, 2010"

68. The post mark on the letter was dated 11/24/2010, a day before the Thanksgiving holiday;

11

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

69. On 11/30/2010, the Court entered a default against the Plaintiff for failure to plead;

70. The default precluded the Plaintiff from filing an answer in the case and served as an admission of liability by the Plaintiff.

71. Plaintiff notified Defendant Tiberio on 12/2/2010 by certified mail of the false filing and asked that the Defendant Tiberio correct the problem[2];

72. Instead of correcting the problem, the Defendants filed a Motion for Judgment on 1/18/2011;

73. On 1/27/2011, Plaintiff's counsel appeared in the action;

74. On 2/14/2011, Defendants filed a Demand for Disclosure of Defense which was answered by Plaintiff's counsel on 2/27/2011;

75. On 3/16/2011, Plaintiff's counsel filed a Motion To Open Default and a Request To Revise; Plaintiff's counsel informed the Defendants that the default was premature, the filing was false, and that Defendants client was not entitled to a default under the law;

76. On March 22, 2011, in its Objection To Defendant's Motion To Open Default, Defendant Dumont stated that:

> The motion for default was actually put in our office's outgoing mail on November 22, 2010, and therefore, the certification of service properly reflects that date. Since mailing occurred after mail on November 22 had been taken to the post office, this mailing was not processed by our office until the next day, November 23, 2010. This frequently happens when we efile after 5:00 p.m., and the mail is not processed until the following day. Because our firm is required to do so by the East Hartford Post Office, our mail is date stamped a day ahead. This is apparently because our mail is taken to Hartford for processing. Therefore, mail

---

[2] Exhibit A

going out on November 23, we are required to meter it with a date of November 24, 2010. Therefore, the certification is not false as contended by defendant's attorney. Defendant's attorney is making wild accusations without any factual basis, and therefore, these reckless accusations weaken defendant's credibility.

77. On March 25, 2011, the Plaintiff's counsel filed a Reply To Objection To Open Default which demonstrated that the Motion for Default contained a false certification;

78. Defendant Dumont admits to a habit and practice of filing false certifications;

79. Defendant Dumont faults the e-filing system and the U.S. Post Office for the false certification. Defendant Dumont alleges that Plaintiff's Motion for Default was "actually put in our office's outgoing mail on November 22, 2010, and therefore, the certification of service properly reflects that date". However, in the very next sentence, the Plaintiff clearly admits that the certification is false as the Plaintiff states "this mailing was not processed by our office until the next day, November 23, 2010". The Plaintiff does not allege that the mailing was processed by the post office, or placed in a valid post office box where it had waited for pick-up until the next day;

80. The Plaintiff admits that someone in her office did not mail the Motion for Default until the next day; The Motion for Default was not mailed on November 22, 2010 as stated in the certification;

81. Defendant Dumont alleges that the Defendant HLS's mail would not normally be processed until the next day when she e-files after 5:00PM.

82. However, any Pleading e-filed after 5:00pm is not given a filing date of the same day, but the next day;

Guest & Associates - Attorneys at Law
151 New Park Avenue - Hartford, Connecticut 06106 - (860) 231-6250 - Fax (860) 231-6252 - Juris No. 309938

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

83. Pursuant to CPB §17-31, the Clerk cannot act only act on a Motion for Default "after service upon each adverse party as provided by Sections 10-12 through 10-17 and with proof of service endorsed thereon";

84. Pursuant to CPB §17-32, the Clerk is not allowed to default a Defendant until 7 days after the motion is filed;

85. On March 22, 2011, Defendant Dumont filed an Objection To Request To Revise;

86. Despite knowledge that the default was illegally obtained, Defendant Dumont sought to prevent the Plaintiff from filing a Request To Revise by alleging that she was in default;

87. Defendants made multiple false, deceptive, and/or misleading representations in the course of litigating the Action;

88. Plaintiff has suffered monetary damages; an ascertainable loss of money or property; mental pain and anguish and, damages to her reputation, all as a direct and proximate result of Defendants' conduct.

VII.    CLAIMS

A. First Claim – Violations of FDCPA

i. Count I – Violations of FDCPA – Defendant Tiberio

89. The Plaintiff recites paragraphs 1 – 88 as if fully restated therein.

90. Defendant Tiberio on November 22, 2010 filed a Motion for Default against Plaintiff;

14

91. Defendant Tiberio as a Commissioner of the Superior Court "certif[ied] that a copy of the above was mailed postage prepaid on November 22, 2010"[3];

92. According to Defendant Dumont, The Motion for Default was not mailed on November 22, 2010[4];

93. The postage prepaid stamp was dated November 24, 2010[5];

94. Pursuant to CPB §17-31, the Clerk cannot act only act on a Motion for Default "after service upon each adverse party as provided by Sections 10-12 through 10-17 and with proof of service endorsed thereon";

95. Pursuant to CPB §17-32, the Clerk is not allowed to default a Defendant until 7 days after the motion is filed.

96. Defendant Tiberio requested that the Court enter a default judgment against the Plaintiff;

97. Said Motion for Default contained a false statement of material fact;

98. Defendant Tiberio's Motion for Default was premature in that it sought to default the Defendant without serving the motion prior to the filing of the motion;

99. On 12/2/2010, Plaintiff, through certified mail, informed the Defendant Tiberio that the letter contained a false certification;

---

[3] Exhibit B

[4] Exhibit C

[5] See Exhibit B

15

100.     On 1/18/2011,with knowledge that the certification was false, Defendant Tiberio filed a Motion for Judgment alleging that Plaintiff had been defaulted by the Court;

101.     In fact as evidence that Defendant Tiberio knew that it is the habit and practice of the Defendants to produce false certifications, Defendant Tiberio did, manually, adjust the certification date on his Motion for Judgment to represent the date the pleading was actually mailed;

102.     Defendant Tiberio did not inform the Court that the Defendant Tiberio had been informed that the Motion for Default contained a false certification;

103.     Defendant Tiberio did not inform the Court that the default granted by the clerk was granted based on a falsely certified Motion for Default for Failure To Plead.

104.     Defendant Tiberio did not inform the Court that Defendants had a habit and practice of filing falsely certified documents;

105.     Defendant Tiberio made and/or used false, misleading, and/or deceptive representations and means in collection of alleged obligations against the Plaintiff and other consumers;

106.     Defendant Tiberio used unfair and unconscionable means in the collection of debt against the Plaintiff and other consumers.

107.     Plaintiff was injured by Defendants Tiberios actions;

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

### ii.      Count II – Violations of FDCPA – Defendant Dumont

108.     Plaintiff recites Paragraphs 1 – 107 as if fully restated herein;

109.     Defendant Dumont made and/or used false, misleading, and/or deceptive

representations and means in collection of alleged obligations against the Plaintiff and

other consumers;

110.     Defendant Dumont used unfair and unconscionable means in the collection of

debt against the Plaintiff and other consumers;

111.     Defendant Dumont's actions were a result of her habit and practice;

112.     Plaintiff was injured by Defendants Dumont's actions;

### iii.      Count III – Violations of FDCPA – Defendant HLS

113.     Plaintiff recites Paragraphs 1 – 113 as if fully restated herein;

114.     Upon information and belief, according to Defendant Dumont, HLS staff

processed its own mail;

115.     Defendant HLS knew that Pleadings would be filed prior to the actual date that

they were mailed;

116.     Defendant HLS actions were a result of its habit and practice;

117.    Upon information and belief, HLS knew, should have known, or demonstrated a reckless disregard for the fact that debtors were being wrongfully defaulted;

118.    Upon information and belief, HLS knew, should have known, or demonstrated a reckless disregard for the fact that as result of such defaults that the judgments rendered against debtors were wrongful;

119.    Upon information and belief, HLS failed to inform the Courts or Defendants of its wrongful actions and the wrongful actions of its attorneys, but instead profited from such wrongful actions;

120.    The Pleadings filed by Dumont and Tiberio constitute contain mirepresentations that constitute an unfair, deceptive, misleading, and unconscionable means of collections or attempt collection of debts under 15 USC §1692e and 15 USC §1692f;

121.    The Pleadings mailed by HLS constitute unfair, deceptive, misleading, and unconscionable means of collections or attempts of collect of debt under 15 USC §1692e and 15 USC §1692f;

122.    Plaintiff was injured by Defendants HLS' actions;

B.   Second Claim – Violations of CUTPA

i. Count II – Violations of CUTPA– Defendant Tiberio

123.     Plaintiff recites Paragraphs 1 – 113 as if fully restated herein;

124.    Defendant Tiberio's actions were his habit and practice;

18

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

125. Defendant Tiberio's actions violate FDCPA;

126. Defendant Tiberio's actions were unfair or deceptive acts or practices in the conduct of trade or commerce;

127. Plaintiff was required to engage an attorney to represent her to defend herself against Defendant Tiberio's wrongful actions.

128. Plaintiff suffered an ascertainable loss of money due to Defendant Tiberio's wrongful conduct;

ii. Count II – Violations of CUTPA– Defendant Dumont

129. Plaintiff recites Paragraphs 1 – 118 as if fully restated herein;

130. Defendant Dumont's actions were his habit and practice;

131. Defendant Dumont's actions violate FDCPA;

132. Defendant Dumont's actions were unfair or deceptive acts or practices in the conduct of trade or commerce.

133. Plaintiff's counsel was required to defend the Plaintiff against Defendant Dumont's wrongful actions.

134. Plaintiff suffered an ascertainable loss of money due to Defendant Dumont's wrongful conduct;

### iii. Count III – Violations of CUTPA– Defendant HLS

135.    Plaintiff recites Paragraphs 1 – 124 as if fully restated herein;

136.    Defendant HLS' actions were his habit and practice;

137.    Defendant HLS' actions violate FDCPA;

138.    Defendant HLS' actions were unfair or deceptive acts or practices in the conduct

of trade or commerce;

139.    Plaintiff's counsel was required to defend the Plaintiff against Defendant

Dumont's wrongful actions;

140.    Plaintiff suffered an ascertainable loss of money due to Defendant HLS' wrongful

conduct;

### C.   Third Claim Claim – Civil Conspiracy

#### i.   Count I – Civil Conspiracy As To All Defendants

141.    Plaintiff recites Paragraphs 1 – 140 as if fully recited herein;

142.    Each Defendant is a debt collector under the FDCPA;

143.    Each Defendant is a person under CUTPA;

144.    Each Defendant knew that Pleadings produced by the debt collection operation

produced falsely certified Pleadings;

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO: 309938

145.    Despite such knowledge, in furtherance of the conspiracy to use wrongful means in the collection of consumer debt, the Defendants Tiberio and Dumont produced falsely certified Pleadings; This was their habit and practice;

146.    Despite such knowledge, in furtherance of the conspiracy to use wrongful means in the collection of consumer debt, Defendant HLS mailed false pleadings to the Plaintiff and consumers;

147.    Despite knowledge of the wrongful defaults based on their habit and practice, in furtherance of the conspiracy, the Defendants effectuated the defaults wrongfully acquire by seeking judgments against debtors;

148.    Despite knowledge of the wrongful judgments based on their habit and practice, in furtherance of the conspiracy, the Defendants then sought satisfaction of judgments through garnishment of the wages of debtors and through other means;

D.    <u>Fourth Claim – Vicarious Liability</u>

**i.   Count I – Vicarious Liability**

149.    Plaintiff recites paragraphs 1 – 149 as if fully restated herein;

150.    At all times, Defendants Dumont and Tiberio as well as the other employees and principals of HLS acted within scope of their employment and under control of HLS;

151.    HLS is vicariously liable for the acts of its employees and principals who are employees and are directly involved in the collection of debt;

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

GUEST & ASSOCIATES · ATTORNEYS AT LAW
151 NEW PARK AVENUE · HARTFORD, CONNECTICUT 06106 · (860) 231-6250 · FAX (860) 231-6252 · JURIS NO. 309938

VIII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

As to All Defendants:

A.  Declaratory Relief

The Plaintiff seeks the Court to issue a declaratory judgment that:

1.  Persons who are debt collectors under 15 USC §1692a(6) who knowingly file documents that contain false certifications of service in a debt collection action against individuals who qualify as consumers under 15 USC §1692a(3) whose alleged obligations qualify under 15 USC §1692a(5) violate the Fair Debt Collection Practices Act under a) 15 USC §1692e and/or b) 15 USC §1692f.

2.  Persons who are debt collectors under 15 USC §1692a(6) who knowingly file Pleadings that contain false certifications of service in multiple debt collection action against individuals who qualify as consumers under 15 USC §1692a(3) whose alleged obligations qualify under 15 USC §1692a(5) violate the Connecticut Unfair Trade Practices Act CGS §42-110b based on their violations of the Fair Debt Collection Practices Act under a) 15 USC §1692e and/or b) 15 USC §1692f.

3.  Motions for Default Judgments, Judgments, and Satisfaction of Judgments dependant on false pleadings violate the FDCPA and CUTPA;

Guest & Associates · Attorneys at Law
151 New Park Avenue · Hartford, Connecticut 06106 · (860) 231-6250 · Fax (860) 231-6252 · Juris No. 309938

4. The statute of limitations for violations under CUTPA for violations premised by violations of the FDCPA is three years due to the fact violations of the FDCPA deemed an unfair or deceptive act or practice in violation of the Fair Trade Commission Act (15 USC §1692l(a)) and the FTCA does not have a statute of limitations for injunctive relief 15 USC §53(b), but has a 3 year statute of limitations under 15 USC §57b(d) for recovery of monetary damages.

5. Attorney Debt Collectors have no special, limited, or qualified immunity under CUTPA for violations of the FDCPA;

B. Injunctive Relief:

1. As To All Defendants requiring that the Defendants permanently cease and desist from filing false certifications in consumer debt collections actions;

C. Determine that all Defendants engaged in a civil conspiracy to wrongfully collect debt under CUTPA and FDCPA and jointly and severally liable for the actions of the others;

D. All such relief as is, or may be, available pursuant to Conn. Gen. Stat. § 42-110(g), et seq. as to all Defendants;

E. All such relief as is, or may be, available pursuant to 15 U.S.C. §1692k(a) and (b) as to all defendants;

F. Actual Damages;

G. Statutory damages;

H.  Punitive Damages;

I.   Interest and Costs;

J.  Legal Fees;

K.  Equitable Relief;

L.  Judgment in Plaintiff's favor;

M.  Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

THE PLAINTIFF

_____ /s/ J. Hanson Guest _____
By:  J. Hanson Guest Esq.
Counsel to Defendant
151 New Park Avenue
Hartford, CT 06106
(860) 231-6250 phone
(860) 231-6252 fax
No.: ct28167

G U E S T   &   A S S O C I A T E S   -   A T T O R N E Y S   A T   L A W
151 N E W   P A R K   A V E N U E   -   H A R T F O R D ,   C O N N E C T I C U T   06106   -   (860) 231-6250   -   F A X   (860) 231-6252   -   J U R I S   N O .   309938

1

2                                CERTIFICATION

3   I hereby Certify that on 11/22/2011, a copy of the foregoing was filed electronically and served

4   by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail

5   to all parties by operation of the Court's electronic filing system or by mail to anyone unable to

6   accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this

7   filing through the Court's CM/ECF System.

8

9

10                                Plaintiff

11

12                                By:  /s/ J. Hanson Guest
13                                J. Hanson Guest (ct28167)
14                                Guest & Associates
                                  151 New Park Avenue
15                                Hartford, CT 06120
                                  Phone: (860) 231-6250
16                                Fax: (860) 231-6252
                                  E-Mail: hguest@guest-associates.com
17

18

19

20

21

22

23

24

25